UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN STEADMAN NILSEN, | ) | NO. SA CV 11-1424 VBF (FMO) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE** |
| MATTHEW CATE, Secretary, et al. | ) | |
| Respondents. | ) | |

On September 14, 2011, John Steadman Nilsen ("petitioner"), a California state prisoner proceeding with the assistance of counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. The Petition challenges petitioner's 2006 conviction and sentence in Orange County Superior Court, Case No. 04WF0832, (Petition at 2), and raises the following claims for habeas relief:

1. "Petitioner was denied due process of law and a fair trial under the Sixth and Fourteenth Amendments since there was insufficient evidence produced at trial to allow a reasonable jury to conclude beyond a reasonable doubt that [petitioner] was the perpetrator and guilty of the crimes charged[.]" (Petition Attachment at 3-7) (capitalization altered).

2. "Because petitioner's appellate counsel assured petitioner he had filed a petition for review when he had not, petitioner was denied effective assistance of counsel as guaranteed by the [Sixth] and [Fourteenth] Amendments." (Id. at 8-12) (capitalization altered).

3. "Petitioner was denied . . . a full and fair opportunity to litigate in the trial court his motion to suppress the forcible taking of his D.N.A. sample in 1995 under former Section 290.2[,] which violated his Fourth Amendment right to be free from unreasonable searches and seizures because the trial court refused to apply controlling United States Supreme Court precedent. (Id. at 12-14) (capitalization altered).

Petitioner asserts he has exhausted Ground Two, but concedes he has not exhausted Grounds One and Three. (See Petition at 7, 12 & 14). With respect to Ground Two, a criminal defendant cannot be deprived of the effective assistance of counsel where no constitutional right to counsel exists, Evitts v. Lucey, 469 U.S. 387, 397 n.7, 105 S.Ct. 830, 837 n.7 (1985), and there is no constitutional right to counsel for a criminal defendant to pursue discretionary state court appeals, Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982) (per curiam); Ross v. Moffitt, 417 U.S. 600, 610, 94 S.Ct. 2437, 2444 (1974); see also Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."); Smith v. Idaho, 392 F.3d 350, 356-57 (9th Cir. 2004) ("It is well-established that criminal defendants have no constitutional right to counsel beyond their first appeal as of right, and hence no right to counsel in a discretionary appeal to the State's highest court."), such as a petition for review to the California Supreme Court in a noncapital case. Cal. Const. art. 6, §§ 11(a), 12(b) & 12(d); California Rule of Court, Rule 8.500(b); see also Williams v. Cavazos, 646 F.3d 626, 636 (9th Cir. 2011) ("On direct appeal of a decision by a state court of appeal in a non-capital case, the Supreme Court of California has the authority to choose whether or not to grant review."). Accordingly, IT IS HEREBY ORDERED THAT petitioner shall, no later than **October 27, 2011**, show cause in writing why his Petition should not be summarily denied since it contains two unexhausted claims (Grounds One and Three) and one non-cognizable claim (Ground Two). Failure to timely file a written response to this Order will be deemed as consent to dismissal of the Petition.

Dated this 29th day of September, 2011.

                                            /s/
                              Fernando M. Olguin
                       United States Magistrate Judge